MISSOURI COMMISSION on HUMAN RIGHTS, Appellant,

v.

ST. LOUIS COUNTY BOARD of ELECTION COMMISSIONERS, Respondent.

No. 50414.

Missouri Court of Appeals, Eastern District, Division One.

July 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1986.

Application to Transfer Denied Sept. 16, 1986.

04 is denied; and defendants' motion to supplement the legal file is sustained.

Jeanine D. Hazelton, Asst. Atty. Gen., Jefferson City, for appellant.

Russell J. Slater, St. Louis, for respondent.

SMITH, Judge.

The Missouri Commission on Human Rights appeals from an order of the circuit court reversing the Commission's decision that the St. Louis County Board of Election Commissioners terminated Constance Houston for racially discriminatory reasons. We affirm.

Ms. Houston, a black, began full-time employment with the Board on March 21, 1977. She had previously been a part-time employee. She was terminated on December 1, 1978 for excessive absenteeism. During a nineteen month period Ms. Houston had 56 unexplained absences including 28 unauthorized absences on Monday or Friday. For personnel reasons unauthorized absences on Monday and Friday cause particular difficulties in the work of the Board. Prior to 1977 the Board had a loose policy concerning absenteeism. In 1977, because of constraints regarding part-time employment and an arrangement with St. Louis County concerning employees, the Board began closer scrutiny of employee absences. This was brought to the attention of the employees including Ms. Houston, who admittedly saw posted notices of the new absentee policies. Because of continuing absentee problems, the Board had an employee chart the absentee record of all employees of the Board from May 1977 through November 1978. This chart was reviewed by supervisory personnel, and Ms. Houston and three white female employees were terminated and four white female employees were suspended.[1] Ms. Houston filed a complaint with the Commission concerning her termination. She alleged that she was racially discriminated against in her termination and that the termination was motivated by a prior discrimination complaint filed by her. That

---

1. Two of the other women terminated with Ms. Houston filed sex discrimination complaints with the Commission. Ms. Houston did not join in those complaints. The sex discrimination claims were upheld by the Commission and that decision was affirmed by this court. See *St. Louis County Board of Election Commissioners v. The Missouri Commission on Human Rights,* 668 S.W.2d 592 (Mo.App.1984).

earlier complaint had been found to be without probable cause by the Commission.

The Commission found in favor of the Board on the allegation concerning the prior complaint but against the Board on the charge that the termination was racially motivated. The thrust of the decision by the Commission was that the absentee record of Ms. Houston was no worse than that of some employees who only received suspensions. The Commission discounted the fact that three white employees were also terminated, on the basis that the Board failed to establish that their absentee records were comparable to Ms. Houston's. The findings of fact of the Commission also appear to place some weight on the employee's assertion that she was not counseled or advised concerning the seriousness of her absenteeism. It might be assumed that any employee is aware that one of the obligations of employment is that the employee show up for work. The Commission also took judicial notice of the black work force in the Metropolitan St. Louis area and that the Board's black employees represented a smaller percentage than that work force. The Commission did not suggest what relevance the metropolitan area percentages had to an agency of St. Louis County, whose employees are paid by that county's taxpayers, whose jurisdiction is limited to that county, and which presumably would first seek its employees from within its own geographical boundaries. The Commission heard evidence adduced by the Board that the employee had provided the Board with a falsified medical record to support a three day absence from work and found the Board's evidence of that falsification credible. This evidence was held to be irrelevant because the falsification was not included as a reason for terminating Ms. Houston in the letter of termination and in interrogatory answers submitted by the Board.

Neither the Commission nor the employee dispute the number of absences, that they were excessive in number, nor that they rendered Ms. Houston "economically unemployable" to the Board, the reason given by the Board for termination. Sec. 296.020 RSMo 1978, is a salutary attempt to shield employees from employment discrimination solely because of race, or sex or other factors unrelated to job performance. It is indeed regrettable that that shield has been forged into a sword used to prevent employees, who, by their own actions demonstrate their unworthiness for employment, from being disciplined for those actions. See *Barnes Hospital v. Missouri Commission on Human Rights*, 661 S.W.2d 534 (Mo. banc 1983); *St. Louis County Board of Election Commissioners v. Missouri Commission on Human Rights, supra; St. Louis County v. Brooks*, 614 S.W.2d 283 (Mo.App.1981). The employer here has endured an investigation by the Commission, two hearings before that body, two appearances in Circuit Court, and one appeal to this court over a period of eight years, in order to justify the termination of an employee, who, by any reasonable standards and without dispute, demonstrated her total disregard for her obligations and responsibilities as an employee. Some common sense is justified in applying Sec. 296.020.

■ In reviewing employment discrimination cases a three step procedure has been established. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Barnes Hospital v. Missouri Commission on Human Rights, supra*. Initially, the employee [2] has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. This burden is met by establishing that the employee is within the class sought to be protected by the statute, that she was discharged, and that there was some evidence from which it could be inferred that race was a factor. *Barnes, supra*, [7]. If a prima facie case is established, the burden shifts to the employer to

2. Ms. Houston did not intervene in this case. The Attorney General presented the evidence to support a discriminatory firing to the hearing examiner. Our references to the burdens on the employee refer in this case to the party seeking to establish discrimination—the State.

"articulate some legitimate, non-discriminatory reason for the discharge." *McDonnell Douglas, supra,* l.c. 802, 93 S.Ct. at 1824. If the employer meets that burden then the burden again shifts to the employee to establish by a preponderance of the evidence that the legitimate reasons offered by the employer were not the true reasons, but were a pretext for discrimination. *Id.* 804, 93 S.Ct. at 1825. The ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the employee. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248 l.c. 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The employer need not persuade the trier of fact that it was actually motivated by its advanced reasons for discharge. It is sufficient if the employer's evidence raises a genuine issue of fact as to whether it discriminated against the employee. The employer must clearly set forth through admissible evidence the reason for employee's discharge. That explanation must be legally sufficient to justify a judgment for the employer. If that proof is adduced the presumption of discrimination raised by the prima facie case is rebutted. *Id.* at 254, 255, 101 S.Ct. at 1094, 1095. The employee then retains the burden of persuasion and must establish that the proffered reason was not the true reason for the employment decision. *Id.* at 256, 101 S.Ct. at 1095.

■ It is questionable here that employee even made a prima facie case. She established her membership in the protected class and her discharge. She also established that her discharge was based on absenteeism and that three white females were discharged at the same time for the same reason. She articulated no evidence of discrimination against her except her belief that her previous discrimination complaint caused her discharge. The Commission found against her on that contention. The employer established, probably unnecessarily, that Ms. Houston had excessive absenteeism and that she had, to the knowledge of her superiors, presented a falsified medical report to support a claimed sick leave absence. It is certainly relevant in this case that the employee had presented falsified medical records to support prior absences. Honesty in an employee is always important; for an employer responsible for the honest conduct of elections it is critical. There is no evidence that any other employee, disciplined or not, possessed Ms. Houston's cavalier attitude toward honesty. If Ms. Houston's attendance was in fact more equivalent to those suspended than those terminated (which the record does not establish) her record of untruthfulness could justifiably elevate her to the more severe discipline level. The evidence establishes a legally sufficient basis for the employer's action.

■ It was not the employer's burden to establish equality of treatment between Ms. Houston and other employees. Ms. Houston retained the burden of demonstrating inequality of treatment to rebut the employer's justification evidence. The Commission erroneously required the employer to establish the equality of misconduct between the other terminated employees and Ms. Houston, and upon its failure to do so presumed that Ms. Houston was a lesser offender than they. This conclusion has no support in the record and renders the findings of the Commission without evidentiary support. On the record before us Ms. Houston was fired because of excessive absenteeism as were three white employees. That is not racial discrimination.

Judgment of the trial court affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.